UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK D. CHARLESTON,

    Plaintiff,

v.                                              Case No. 4:19cv580-MW-HTC

TRISHA MEGGS PATE,
JACK CAMPBELL,

    Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Derrick D. Charleston, proceeding *pro se*, initiated this case by submitting a "Petition for Injunction for Protection Against Repeat Violence" to prison mail officials on November 26, 2019, which the Clerk construed as a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1.[1] The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Pursuant to 28 U.S.C. § 1915A, the undersigned has screened the petition (and

---

[1] The petition at ECF Doc. 1 named two defendants, the Attorney General of Florida and the State Attorney for the Second Judicial Circuit of Florida. *Id.* Charleston filed a second copy which was docketed separately as ECF Doc. 4. Because it is identical to the petition at ECF Doc. 1 and there are two defendants in this case, the Court concludes that ECF Doc. 4 is a service copy of the petition and not a separate petition.

considered the memorandum of support delivered by Charleston to prison officials on December 30, 2019, ECF Doc. 6) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1). Charleston's suit under 42 U.S.C. § 1983 is barred by *Heck*,[2] and, even if his petition were construed as a petition under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, it would be barred as an impermissible successive petition. Additionally, Charleston has failed to comply with the Court's orders specifically requiring Charleston to file a completed motion for *in forma pauperis* on this Court's forms for prisoners or pay the entire filing fee.

## I.     BACKGROUND

Charleston was convicted in Gadsden County case number 2000-128-CFA of sexual battery by an adult on a victim less than twelve (12). He was sentenced to life imprisonment after a jury trial. *Charleston v. McDonough*, 4:07cv260 (N.D. Fla. of October 8, 2009) (Report and Recommendation, ECF Doc. 45 at 1-2). In his petition, Charleston claims he is suffering repeat violence because the State Attorney and Attorney General, knowing of various alleged deficiencies in the case against him in 2000-128-CFA, continue to imprison him, in violation of Florida's kidnapping and false imprisonment statutes. He seeks an "immediate injunction against the respondent enjoining him or her from committing any further acts of violence." ECF Doc. 1 at 3. The only alleged "act of violence", therefore, is

---

[2] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Charleston's continued imprisonment. Thus, Charleston is actually seeking release from confinement based on a challenge to the validity of his conviction.

## II.  ANALYSIS

### A. Charleston Does Not State A Claim Under 42 U.S.C. § 1983

The Supreme Court has held, in what is now known as the *Heck* doctrine, that a § 1983 suit must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). For *Heck* to apply, it must be the case that a successful § 1983 suit and the underlying conviction would be logically contradictory. *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007).

The Supreme Court and Eleventh Circuit have further recognized that "[a]n inmate convicted and sentenced under state law may seek federal relief under two primary avenues: 'a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under… 42 U.S.C. § 1983.'" *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). "These avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id.*  When an inmate

challenges the "circumstances of his confinement" but not the validity of his conviction or sentence, then the claim may be properly raised in a § 1983 action. *Id.* "However, when an inmate raises any challenge to the lawfulness of confinement or the particulars affecting its duration, his claim falls solely within the province of habeas corpus under § 2254." *Id.*

Here, as explained above, Charleston challenges the lawfulness of his confinement. He argues that he "did not agree or admit to be imprisoned and restrained" but nevertheless the State Attorney and the Attorney General are confining him despite knowing (1) that he had genital contact with the victim but not penile insertion as charged and (2) that a prior sentence had been served and thus a sentence for violation of probation added to the life sentence was inappropriate. Because these claims challenge the lawfulness of Charleston's confinement, they fall "solely within the province of habeas corpus under § 2254" and fail to state a claim under § 1983. *See Hutcherson*, 468 F.3d at 754.

### B. Charleston's Petition Under 28 U.S.C. § 2254 Would Be Barred As An Impermissible Successive Petition.

Charleston fares no better if his petition is construed as a petition under 28 U.S.C. § 2254. One of the statutory restrictions on § 2254 habeas petitions arises from 28 U.S.C. § 2244(b), which provides in relevant part, that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (emphasis added); see also Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)").

This Court's docket reflects that Charleston has previously filed several habeas corpus petitions pursuant to the provisions of 28 U.S.C. § 2254: 4:01-cv-00032-WS, 4:01-cv-00106-WS, 4:01-cv-00191-WS, 4:01-cv-00198-WS, 4:07-cv-00260-SPM, 4:19-cv-00395-MW. His prior petitions sought to challenge the same conviction and sentence he seeks to challenge in the instant petition. Specifically, in Northern District of Florida Case No. 4:07cv260-SPM/WCS, Charleston challenged the conviction in 2000-128-CFA, the District Judge adopted the 47-page

Report and Recommendation, and the Court dismissed the case with prejudice. Because 4:07cv260 was dismissed with prejudice, any later habeas corpus petitions seeking to attack the same conviction and sentence are deemed successive. *See Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam) ("[A] second petition is successive if the first was denied or dismissed with prejudice") (internal citations omitted); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007).

Based on the foregoing, the Court finds that Charleston's instant petition is a successive petition challenging his 2000 conviction and sentence for the purposes of § 2244(b). Because Charleston does not allege, and the record does not establish, that he sought and obtained permission from the Eleventh Circuit Court of Appeals before filing the instant successive petition, his petition is due to be dismissed. "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order [from the appropriate court of appeals] authorizing the district court to consider it." *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam). Consequently, allowing Charleston to amend his petition to be explicitly brought under 28 U.S.C. § 2254 would be futile; the habeas petition would be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam).

### C. Charleston Failed To File His Motion To Proceed *In Forma Pauperis* On The Proper Forms

As an additional ground for dismissal, Charleston has failed to comply with two (2) Court orders directing him to file a complete motion to proceed *in forma pauperis* on the proper Court forms for prisoners. ECF Docs. 3, 8. In both orders, the Court explained that a complete prisoner application to proceed *in forma pauperis* includes a motion with supporting affidavit and a prisoner consent form and financial certificate with attachments (a printout of the transactions in Plaintiff's inmate trust account for the six (6) months preceding the filing of the complaint). *Id.* Additionally, both orders directed the clerk to forward Charleston a complete set of forms so he could file a proper motion to proceed *in forma pauperis*. *Id.*

In response to the Court's first order, Charleston failed to provide a copy of his inmate account or the prisoner consent form and financial certificate. ECF Doc. 7. Presumably, he did not include that information because he does not believe he is incarcerated as he checked a box on the form indicating he is not incarcerated. In response to the second order, Charleston again took the position he is not incarcerated and filed his motion on a form used by **non-prisoners**, also unaccompanied by a prisoner consent form or financial certificate. ECF Doc. 10.

Charleston, however, **is** a prisoner and **is** currently incarcerated at Apalachee Correctional Institution East Unit. First, the envelope that contained Charleston's second motion to proceed *in forma pauperis* indicates his return address is

Case No. 4:19cv580-MW-HTC

"Apalachee Correctional Institution East Unit". ECF Doc. 10. Second, the Florida Department of Corrections' website states Charleston is currently confined at Apalachee Correctional Institution East Unit and that he has been sentenced to life imprisonment.[3] Third even the notice of change of address (ECF Doc. 9), which purports to change his address to P.O. Box 369, Gretna, FL 32332, an address in the free world, was delivered to prison officials and, while docketed separately, was mailed in the same envelope containing the Apalachee CI return address.

Thus, it appears to the Court that, for reasons unknown, Charleston refuses to acknowledge his prisoner status and thus has intentionally refused to abide by this Court's orders directing him to complete a motion to proceed in forma pauperis on this Court's forms for **prisoners**, to provide a copy of his inmate account and to execute the prisoner consent form and affidavit *or* pay the entire filing fee. Charleston's failure to abide by this Court's orders is another ground for dismissal under 28 U.S.C. § 1915A.

## III.   CONCLUSION

It is ORDERED:

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF Doc. 10, is DENIED without prejudice.

---

[3] *See* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=N06767&TypeSearch=AI.

Case No. 4:19cv580-MW-HTC

2. The clerk is directed to send a copy of this Order to Plaintiff at Apalachee Correctional Institution East, as well as, P.O. Box 369, Gretna, FL 32332.

3. The clerk is directed to update Plaintiff's address to Apalachee Correctional Institution East.

Additionally, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1), for Plaintiff's failure to state a claim on which relief may be granted and for his failure to follow the orders of this Court.

2. That the clerk be directed to close the file and terminate all pending motions.

DONE AND ORDERED this 31st day of January, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.